IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRIVATE CAPITAL GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARCELL SHINTUN DAREUS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT CAPSTAR BANK, INC.'S MOTION FOR RULE 54(b) CERTIFICATION<br><br><br>Case No. 2:13-CV-18 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Capstar Bank, Inc.'s ("Capstar") Motion for Rule 54(b) Certification. Plaintiff has not responded to Defendant's Motion. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff filed an Amended Complaint naming Defendant Capstar on October 10, 2013. Capstar sought dismissal based on a lack of personal jurisdiction. The Court granted Capstar's motion to dismiss on July 10, 2014. Capstar now moves for certification under Federal Rule of Civil Procedure 54(b).

II.  DISCUSSION

Federal Rule of Civil Procedure 54(b) states,

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

1

The Tenth Circuit has explained that "Rule 54(b) entries are not to be made routinely."[1] Thus, a district court may enter judgment prior to the full resolution of all pending claims only when

> a district court adheres strictly to the rule's requirement that a court make two express determinations. First, . . . that the order it is certifying is a final order. Second, . . . that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[2]

The district court must "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay,'" to provide a clear record for appellate review.[3]

The Court finds that the requirements of Rule 54(b) have been met in this case. First, the Court's order dismissing Capstar for lack of jurisdiction was a final order, as it disposed of the claims against Capstar.[4] Second, the Court finds that there is no just reason to delay review of the order dismissing Capstar. The Court finds the reasoning set out by the Southern District of New York to be persuasive on this point.

> If [the plaintiff's] case against [the dismissed defendant] is properly brought in this Court, a binding determination of those legal issues can be achieved in the same proceeding, without the risk of inconsistent results in two different courts. If [the plaintiff's] position is ultimately sustained in the Court of Appeals, allowing an immediate appeal permits the case against [the dismissed defendant] to proceed along with those against the [defendants] in this Court. Conversely, if this Court's ruling on jurisdiction is affirmed, [the plaintiff] would learn this

---

[1] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Great Am. Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980)).

[2] *Id.* (internal citations omitted).

[3] *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002).

[4] *See DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1031 (5th Cir. 1982); *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 430, 434–35 (D. Del. 2003), *vacated on other grounds*, 395 F.3d 1315 (Fed. Cir. 2005).

result promptly, and could then either seek a transfer of venue in this Court, if appropriate, or file a new action in a district which has jurisdiction over [the dismissed defendant]. Delaying resolution of the issue forces [the plaintiff] to choose between deferring its claims against [the dismissed defendant] to be resolved at a much later date, either in this Court or in some other district, or withdrawing its appeal, acquiescing in this Court's decision on personal jurisdiction, and proceeding simultaneously in two courts. This would not be in the interest of efficiency or justice, as compared with presenting the Court of Appeals with a relatively straightforward judgment about whether [the dismissed defendant's] contacts with [the forum state] are sufficient to confer personal jurisdiction.[5]

The same considerations are at play in this case. Plaintiff may pursue its claims against Defendant Capstar in a court of competent jurisdiction. However, doing so risks inconsistent results. If Plaintiff chooses to appeal the Court's decision and that decision is reversed, this case could proceed against all Defendants without requiring the parties to wait until the end of the case to allow for an appeal of the jurisdictional issue. If the Court's decision is affirmed, Plaintiff could determine whether it wishes to assert its claims against Capstar in another forum. Based upon these considerations, the Court finds that there is no just reason to delay review of the Court's order dismissing Capstar for lack of personal jurisdiction.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Capstar Bank, Inc.'s Motion for Rule 54(b) Certification (Docket No. 82) is GRANTED. The Clerk of the Court is directed to enter final judgment as to Defendant Capstar.

---

[5] *Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238 (GEL), 2005 WL 2464571, at *2 (S.D.N.Y. Oct. 5, 2005).

DATED this 18th day of December, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge