IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRIVATE CAPITAL GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARCELL SHINTUN DAREUS; ELI J. TENENBAUM; S.M.E. CAPITAL LLC, a Delaware limited liability company; ROBIN HENDERSON; GRANT CARTER; COBALT SPORTS CAPITAL LLC, a Colorado limited liability company; LOST STREAM SOLUTIONS LLC, a Colorado limited liability company; and CAPSTAR BANK INC., a federally chartered bank,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT COBALT SPORTS CAPITAL, LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT<br><br><br>Case No. 2:13-CV-18 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Cobalt Sports Capital, LLC's ("Cobalt") Motion to Enforce Settlement Agreement. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

In its Amended Complaint, Plaintiff brought a host of claims against a number of Defendants. Defendants Cobalt and Dareus are the sole remaining Defendants.[1] Plaintiff and Defendant Cobalt, through counsel, engaged in settlement negotiations. In an email dated September 8, 2015, counsel for Plaintiff stated that Plaintiff "has authorized me to discuss with your client a potential walk away from this case where both sides will bear their own attorney

---

[1] The other Defendants either have not been served or have been dismissed. Defendant Dareus has filed his own Motion to Enforce Settlement Agreement. *See* Docket No. 103.

1

fees and costs. [Plaintiff] is willing to enter into such an agreement if your client is interested in such an arrangement."[2]  After receiving some clarification, counsel for Cobalt accepted the offer.[3]

Counsel for Cobalt then drafted a settlement agreement, which was provided to counsel for Plaintiff.  Counsel for Plaintiff made minor revisions and returned the agreement to counsel for Cobalt.  Cobalt accepted those revisions and signed the agreement.  Plaintiff, however, has refused to sign the agreement.  Cobalt now seeks enforcement of that agreement.

## II.  DISCUSSION

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while litigation is pending before it."[4]  In so doing, "[i]ssues involving the formation, construction and enforceability of a settlement agreement are resolved by applying state contract law."[5]  "Under Utah law, courts will enforce settlement agreements 'if the record establishes a binding agreement and the excuse for nonperformance is comparatively unsubstantial.'"[6]

Plaintiff makes three arguments in response to Cobalt's Motion.  First, it argues that Plaintiff and Plaintiff's counsel did not have the authority to act on behalf of Plaintiff's lenders

---

[2] Docket No. 100 Ex. A.

[3] *Id.*

[4] *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993).

[5] *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

[6] *Nature's Sunshine Prods. v. Sunrider Corp.*, 511 F. App'x 710, 714 (10th Cir. 2013) (quoting *Zions First Nat'l Bank v. Barbara Jensen Interiors, Inc.*, 781 P.2d 478, 479 (Utah Ct. App. 1989)).

(the "Lenders"), who Plaintiff is representing in this action.[7]  Second, Plaintiff argues that the agreement is not binding because it was not finalized.  Third, Plaintiff argues that, in the event the Court finds that a settlement exists, it is limited to the terms discussed in the preliminary settlement negotiations.  The Court will discuss each argument in turn.

First, Plaintiff argues that the settlement agreement is not binding because it lacked authority to settle on behalf of the Lenders.  Whether Plaintiff or Plaintiff's counsel had the authority to act on behalf of the Lenders is irrelevant to the determination of Cobalt's Motion.  While Plaintiff alleges that the Lenders are the ultimate victims, the Lenders are not parties to this action.  Any claims that the Lenders may have against Cobalt are not before this Court and the Court expresses no opinion as to those claims.

Plaintiff does not assert that it or its counsel did not have authority to enter into a settlement on its own behalf and such an argument is clearly contradicted by the evidence.  Plaintiff appears to argue that it was required to obtain the Lender's approval before it could enter a settlement agreement with Cobalt.  However, this purported restriction on counsel's settlement authority was never communicated to Cobalt.  Thus, Plaintiff cannot now use it as a basis to avoid the agreement reached by its counsel.[8]  Counsel clearly indicated that it had the authority to settle on behalf of Plaintiff and made no mention that approval of the Lenders was required before settlement could be completed.

---

[7] *See* Docket No. 34 ¶ 27 ("PCG is and was the duly appointed representative of the Lenders to service the Loan on the Lender's behalf and PCG is authorized to bring the lawsuit on behalf of the Lenders.").

[8] *See Nature's Sunshine Prods.*, 511 F. App'x at 715.

Plaintiff's second argument is that the agreement is not binding because it was not finalized. In essence, Plaintiff argues that the settlement is not binding because it was not signed. However, "[i]t is a basic and long-established principle of contract law that agreements are enforceable even though there is neither a written memorialization of that agreement nor the signatures of the parties, unless specifically required by the statute of frauds."[9] Thus, simply because Plaintiff has refused to sign the settlement agreement does not mean that there is not an enforceable settlement. "Parties have no right to welch on a settlement deal during the sometimes substantial period between when the deal is struck and when all necessary signatures can be garnered on a stipulation."[10]

Plaintiff also argues that there was no enforceable agreement because the parties were still revising the terms of the agreement. This is not an accurate reflection of the facts. Counsel for Cobalt drafted the agreement and provided it to Plaintiff's counsel. Plaintiff's counsel returned the agreement with revisions. Plaintiff's counsel stated "[p]lease see the attached suggested revisions" and advised Cobalt's counsel to "[l]et me know what additional comments you have."[11] In response, Cobalt's counsel returned a signed copy of the settlement agreement and indicated that his client had "accepted all your changes."[12] Thus, it is simply incorrect for Plaintiff's counsel to argue that negotiations were ongoing. A final agreement had been reached and the parties had agreed on all material terms.

---

[9] *Murray v. State*, 737 P.2d 1000, 1001 (Utah 1987).

[10] *Goodmansen v. Liberty Vending Sys., Inc.*, 866 P.2d 581, 585 (Utah Ct. App. 1993) (quotation marks omitted).

[11] Docket No. 100 Ex. B.

[12] *Id.*

Plaintiff's final argument concerns the nature and extent of the parties' agreement. Plaintiff argues that any settlement should be limited to the original terms, namely dismissal of Plaintiff's claims against Cobalt with prejudice, with each party to bear its own costs. Plaintiff objects to other provisions, such as a provision that would bind the Lenders to the agreement and an agreement by Plaintiff to indemnify Cobalt against the Lenders.

Cobalt has pointed to nothing suggesting the Court could enforce the agreement against the non-party Lenders and it does not appear that Cobalt seeks such relief.[13] However, the Court does find that Plaintiff agreed to indemnify Cobalt against any claims by the Lenders. Such a provision was included in the settlement agreement that was negotiated between Cobalt and Plaintiff, and was never repudiated. Therefore, the Court will enforce that term of the agreement.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Cobalt's Motion to Enforce Settlement (Docket No. 100) is GRANTED. Plaintiff's claims against Cobalt are dismissed with prejudice.

---

[13] *See Jones v. Lujan*, 936 F.2d 583, at *1 (10th Cir. 1991) (affirming the district court's ruling that "it could not enforce the Settlement Agreement as plaintiff requested because the IG was not a party to the agreement and because the court had no jurisdiction over the IG"); *see also David A. Bovino P.C. v. MacMillan*, 2015 WL 3903086, at *3 (D. Colo. June 24, 2015) (stating that "the authority to enforce settlement agreements does not ordinarily extend to agreements involving persons or entities not part of the pending proceeding"); *Boyles v. Visteon Corp.*, 2007 WL 1723491, at *2 (N.D. Okla. June 13, 2007) ("While plaintiff is correct that the Court has the power to enforce a settlement agreement in a case pending before it, that does not extend the Court's authority beyond the litigants actually before the Court.").

DATED this 15th day of January, 2016.

BY THE COURT:

Ted Stewart
United States District Judge