IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRIVATE CAPITAL GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MARCELL SHINTUN DAREUS; ELI J. TENENBAUM; S.M.E. CAPITAL LLC, a Delaware limited liability company; ROBIN HENDERSON; GRANT CARTER; COBALT SPORTS CAPITAL LLC, a Colorado limited liability company; LOST STREAM SOLUTIONS LLC, a Colorado limited liability company; and CAPSTAR BANK INC., a federally chartered bank,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT MARCELL SHINTUN DAREUS' MOTION TO ENFORCE SETTLEMENT AGREEMENT<br><br><br>Case No. 2:13-CV-18 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Marcell Shintun Dareus' Motion to Enforce Settlement Agreement. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

In its Amended Complaint, Plaintiff brought a host of claims against a number of Defendants. Defendants Cobalt Sports Capital LLC and Dareus are the sole remaining Defendants.[1] On August 27, 2015, counsel for Defendant Dareus sent Plaintiff's counsel a letter detailing the evidence uncovered during discovery and demanding Plaintiff dismiss its case against Dareus.[2] Defendant's counsel requested Plaintiff pay Defendant's costs and attorney's fees. That same day, Plaintiff's counsel agreed to dismiss Plaintiff's claim against Defendant

---

[1] The other Defendants either have not been served or have been dismissed. Defendant Cobalt has filed its own Motion to Enforce Settlement Agreement. *See* Docket No. 100.

[2] Docket No. 103 Ex I.

with prejudice, but stated that as part of the dismissal, each party would bear their own legal fees and costs.[3] Defendant's counsel agreed to settle the case without the payment of attorney's fees provided that releases would also be given by each of Plaintiff's lenders (the "Lenders"), who Plaintiff represents in this action.[4] Plaintiff's counsel informed Defendant's counsel that this would not be an issue.

Plaintiff's counsel then drafted a settlement agreement. The settlement agreement included the Lenders as parties and included a release for all parties.[5] After various revisions, a final version of the settlement was circulated among counsel and a copy was signed by Defendant Dareus and his counsel.[6] Plaintiff, however, has refused to sign the agreement because one of the Lenders has refused the agreement. Dareus now seeks enforcement of that agreement.

## II.  DISCUSSION

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while litigation is pending before it."[7] In so doing, "[i]ssues involving the formation, construction and enforceability of a settlement agreement are resolved by applying state contract law."[8] "Under Utah law, courts will enforce settlement agreements 'if the record

---

[3] *Id.* Ex. J.

[4] *See* Docket No. 34 ¶ 27 ("PCG is and was the duly appointed representative of the Lenders to service the Loan on the Lender's behalf and PCG is authorized to bring the lawsuit on behalf of the Lenders.").

[5] Docket No. 103 Ex. K.

[6] *Id.* Exs. P, Q.

[7] *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993).

[8] *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

establishes a binding agreement and the excuse for nonperformance is comparatively unsubstantial.'"[9]

Plaintiff makes three arguments in response to Dareus' Motion.  First, Plaintiff argues that no settlement agreement exists because there was never a meeting of the minds.  Second, Plaintiff argues that the settlement is not binding on the Lenders because Plaintiff and Plaintiff's counsel did not have the authority to enter into a settlement agreement on their behalf.  Third, Plaintiff argues that, in the event the Court finds that a settlement exists, it is only binding on Plaintiff, not the Lenders.

Plaintiff argues that no settlement agreement exists because there was no meeting of the minds.  Specifically, Plaintiff argues that Defendant Dareus' requirement that any settlement be conditioned upon a release by the Lenders was not an acceptance of Plaintiff's offer to dismiss the action, but was instead a counteroffer that was not accepted by the Lenders.  The Court agrees that Dareus did not unconditionally accept Plaintiff's offer to settle and instead presented a counteroffer.  However, the Court disagrees that the counteroffer was not accepted by Plaintiff.  Plaintiff's counsel communicated to Defendant's counsel that it would not be a problem to obtain releases from the Lenders and the settlement agreement drafted by Plaintiff's counsel incorporated such terms, thereby accepting Dareus' counteroffer.  Thus, the Court finds that there was a final agreement, at least as between Plaintiff and Dareus.

Plaintiff next argues that it and its counsel lacked the authority to settle on the Lender's behalf.  The Court need not decide whether Plaintiff or its counsel had the authority—either

---

[9] *Nature's Sunshine Prods. v. Sunrider Corp.*, 511 F. App'x 710, 714 (10th Cir. 2013) (quoting *Zions First Nat'l Bank v. Barbara Jensen Interiors, Inc.*, 781 P.2d 478, 479 (Utah Ct. App. 1989)).

actual or apparent—to bind the Lenders to the settlement.  Even if Plaintiff had such authority, the Court would lack the authority to enforce the settlement as against the Lenders.  The Lenders are not parties to this action.  While the Court has the authority to enforce a settlement with respect to the litigants, there is nothing to suggest that the Court could enforce the agreement against the non-party Lenders.[10]  Therefore, the Court will not enforce the settlement as against them.  However, a binding agreement exists between Plaintiff and Dareus, resulting in the dismissal of Plaintiff's claims against him.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Dareus' Motion to Enforce Settlement (Docket No. 103) is GRANTED.  Plaintiff's claims against Dareus are dismissed with prejudice.

DATED this 15th day of January, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[10] *See Jones v. Lujan*, 936 F.2d 583, at *1 (10th Cir. 1991) (affirming the district court's ruling that "it could not enforce the Settlement Agreement as plaintiff requested because the IG was not a party to the agreement and because the court had no jurisdiction over the IG"); *see also David A. Bovino P.C. v. MacMillan*, 2015 WL 3903086, at *3 (D. Colo. June 24, 2015) (stating that "the authority to enforce settlement agreements does not ordinarily extend to agreements involving persons or entities not part of the pending proceeding"); *Boyles v. Visteon Corp.*, 2007 WL 1723491, at *2 (N.D. Okla. June 13, 2007) ("While plaintiff is correct that the Court has the power to enforce a settlement agreement in a case pending before it, that does not extend the Court's authority beyond the litigants actually before the Court.").